UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KENNETH M. GRAY,

   Plaintiff,

  v.               Case No. 12-CV-1257

WISCONSIN DEPARTMENT OF CORRECTIONS,
GARY HAMBLIN, MICHAEL BAENEN,
PETER ERICKSON, WILLIAM D. SWIEKATOWSKI,
SGT. STEVENS, and CATHY FRANCOIS,

   Defendants.

## SCREENING ORDER

  Plaintiff, a Wisconsin state prisoner, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on plaintiff's petition to proceed in forma pauperis. He has been assessed and paid an initial partial filing fee of $25.47.

  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court

may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual

2

allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff is incarcerated at Green Bay Correctional Institution ("GBCI"). Defendants are: the Wisconsin Department of Corrections ("DOC"); Gary Hamblin, Secretary of the DOC; Michael Baenen, GBCI Warden; Peter Erickson, GBCI Security Director; William Swiekatowski, GBCI Lieutenant; Sergeant Stevens, GBCI Correctional Officer; and Catherine Francois, GBCI Inmate Complaint Examiner.

According to the complaint, on March 29, 2012, defendant Stevens issued plaintiff Conduct Report 2136898 charging him misuse of prescription medication in violation of Wis. Admin. Code § DOC 303.57. The next day, defendant Erickson authorized the conduct report to proceed as a major offense. On April 17, 2012, defendant Swiekatowski conducted the disciplinary hearing on the conduct report but plaintiff was never informed of the date, time, or place of the hearing. Defendant Swiekatowski found plaintiff guilty of the rule violation and sentenced plaintiff to 180 days disciplinary separation. He did not consider plaintiff's witness at the hearing. On April 20, 2012, plaintiff appealed the

3

disciplinary disposition to defendant Baenen, informing him that his due process rights were violated because Swiekatowski did not consider plaintiff's evidence. Defendant Baenen affirmed the disposition on June 8, 2012, finding that there was no due process error.

On June 9, 2012, plaintiff filed an offender complaint with the Inmate Complaint Review System (ICRS) alleging a due process violation at the hearing because Swiekatowski did not consider plaintiff's witness. Defendant Francois rejected the complaint, finding that no procedural error had been identified for review and that the complaint fell outside the scope of the ICRS. Plaintiff sought review of the rejected complaint and on June 19, 2012, defendant Baenen affirmed. On June 21, 2012, plaintiff wrote a letter to defendant Hamblin regarding the defective disciplinary hearing.

Plaintiff filed another ICRS complaint on August 8, 2012, alleging that Conduct Report 2136898 was defective because he was never given the time, date, or location of the hearing. Defendant Francois rejected the complaint as untimely. Plaintiff appealed and on August 17, 2012, defendant Baenen affirmed the rejection.

According to plaintiff, defendant Stevens knew that she authored a defective conduct report when she failed to charge him with violating an institution rule or regulation, and because he had inadequate notice of the charges.[1] In addition, defendants Baenen,

---

[1] Plaintiff asserts that the Rules and Regulation of the Wis. Adm. Code govern all correctional institutions, but the specific rules, policies, and procedures of the individual correctional institutions do not govern the DOC and are not the rules and/or regulations of the DOC. The DOC-71 Notice which was served with Conduct Report 2136898 informed plaintiff that he was and charged with violations of the Rules and Regulations of the Institution, but 2136898 does not list any institution rules or regulations in the charging section, but lists only Wisconsin Administrative Code provisions.

4

Erickson, Swiekatowski, and Francois knew the conduct report was defective because it contained Wisconsin Administrative Code provisions in the charging section and plaintiff was notified by the DOC-71 Notice and DOC-1516 Notification Disciplinary Hearing Form that he was charged with violating the rules and regulations of the institution. These defendants also knew that plaintiff was never notified of the date, time, or place of the disciplinary hearing before it was held. Plaintiff further alleges that defendants Baenen, Erickson, Swiekatowski, Francois, and Stevens knew that violations of the rules governing GBCI were crimes pursuant to Wis. Stat. § 946.73 and that the Brown County District Attorney should have been contacted for prosecution, but they did not contact the district attorney and intentionally denied plaintiff the process due for crimes prosecuted under Wisconsin law.

Plaintiff claims that defendants violated his substantive and procedural due process rights because they did not also charge him with a crime under Wisconsin state law, Wis. Stat. § 946.73, when they charged him under the Wisconsin Administrate Code because they thereby denied him process due to individuals charged with violations of state law. He also claims that defendants failed to give notice of the date, time, and place of his disciplinary hearing, in violation of his procedural and substantive due process rights. Plaintiff further claims that defendants failed to give notice of the actual disciplinary charges in violation of his procedural and substantive due process rights. Plaintiff seeks preliminary and permanent injunctive relief. He also seeks compensatory and punitive damages.

The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; those who seek to invoke its procedural protection

5

must establish that one of these interests is at stake. U.S. Const. Amend. XIV; Wilkinson v. Austin, 545 U.S. 209, 221 (2005). In the prison context, disciplinary segregation can trigger due process protections depending on the duration and conditions of segregation. Marion v. Columbia Corr. Inst., 559 F.3d 693, 697 (7th Cir. 2009) (citing Wilkinson, 545 U.S. at 224; Sandin v. Connor, 515 U.S. 472, 486 (1995)). Here, plaintiff's 180-day term in segregation falls beyond those terms that the Court of Appeals for Seventh Circuit has held do not require inquiry into conditions. See Marion, 559 F.3d at 697 n.2. This is sufficient at the pleading stage to implicate a liberty interest, although defendants may still show that the conditions in segregation were not unusually harsh compared to the normal prison environment. See Sandin, 515 U.S. at 484; Marion, 559 F.3d at 697-98.

In addition, plaintiff alleges that he did not receive notice of his hearing. Due process requires that plaintiff receive advance written notice of the charges, the chance to present testimony and documentary evidence to an impartial decision-maker, and a written explanation, supported by at least "some evidence" in the record, for any disciplinary action taken. See Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-55; Piggie v. Cotton, 344 F.3d 674, 677 (7th Cir. 2003). Therefore, plaintiff may proceed on a procedural due process claim against defendants Baenen, Erickson, Swiekatowski, and Stevens based on his 180-day stay in disciplinary segregation. However, he may not proceed on a substantive due process claim based on these allegations. See Koutnik v. Brown, 456 F.3d 777, 781 n.2 (7th Cir. 2006) (when a particular constitutional amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that amendment, not the more generalized notion of substantive due process must be the guide for analyzing these claims).

6

Plaintiff does not state a claim based on allegations that the conduct report was defective because it charged him with violating the DOC-wide Wisconsin Administrative Code provisions instead of an institution-specific rule, in apparent conflict with the DOC-71 Notice and DOC-1516 Notification Disciplinary Hearing forms. Prison procedures themselves are not substantive liberty or property interests that are protected by due process, see Shango v. Jurich, 681 F.2d 1091, 1100-01 (7th Cir. 1982), and a violation of state laws or regulations is not a basis for a federal civil rights suit, see Guajardo-Palma v. Martinson, 622 F.3d 801, 806 (7th Cir. 2010).

Additionally, plaintiff does not state a claim based on defendants' failure to notify the Brown County District Attorney so that he could be charged under Wisconsin state law. Wisconsin Statute § 946.73 makes it a misdemeanor to violate a lawful rule made pursuant to state law governing a penal institution while within the institution. Here, plaintiff was issued a conduct report for violating Wis. Admin. Code § DOC 303.57. Plaintiff was not charged with a misdemeanor and he has not cited to any source demonstrating that the lack of charge violated his rights. Thus, he may not proceed on this claim.

Plaintiff seeks to bring this action on behalf of himself and all other persons similarly situated. However, as a pro se litigant, plaintiff does not satisfy the requirements for a class action. See Fed. R. Civ. P. 23(a)(4); see also Green v. Benden, 281 F.3d 661, 665 (7th Cir. 2002) (as a pro se plaintiff, litigant may only represent himself).

In sum, plaintiff may proceed on a procedural due process claim against defendants Baenen, Erickson, Swiekatowski, and Stevens based on allegations that he spent 180 days in disciplinary segregation without due process. Defendants Hamblin and Francois will be dismissed because they are not alleged to have been personally involved in the claim. See

7

Case 2:12-cv-01257-LA   Filed 04/15/13   Page 7 of 10   Document 10

Arnett v. Webster, 658 F.3d 742, 757 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007). Defendant DOC will be dismissed because it is not a suable entity. See Dobbey v. Ill. Dep't of Corr., 574 F.3d 443, 444 (7th Cir. 2009).

## Plaintiff's Request for Counsel

Plaintiff has filed a request for counsel. Although civil litigants do not have a constitutional or statutory right to appointed counsel, I have the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007); Luttrell v. Nickel, 129 F.3d 933, 936 (7th Cir. 1997) (citing Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. Pruitt, 503 F.3d at 654; Zarnes, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. Pruitt, 503 F.3d at 654-655 (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993)).

In this case, plaintiff has provided evidence that he attempted to obtain legal counsel on his own. However, the issues in this case appear at this stage to be straightforward and uncomplicated. Moreover, plaintiff's filings indicate that he is capable of litigating this case himself. Therefore, at this time, I do not believe that the presence of counsel is likely to make a difference in the outcome of this case. Accordingly, plaintiff's request for counsel will be denied.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **GRANTED**.

8

**IT IS FURTHER ORDERED** that plaintiff's motion for counsel (Docket #3) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants Wisconsin Department of Corrections, Gary Hamblin, and Cathy Francois are **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $324.53 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Pilot Project, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan

9

and e-mail documents to the Court.  The Prisoner E-Filing Pilot Project is in effect only at Green Bay Correctional Institution and, therefore, if the plaintiff is no longer incarcerated there, he will be required to submit all correspondence and legal material to:

> Honorable Lynn Adelman
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 15th day of April, 2013.

s/ Lynn Adelman

LYNN ADELMAN
District Judge
