# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KENNETH M. GRAY,**

    **Plaintiff,**

    v.                                                Case No. 12-CV-1257

**MICHAEL BAENEN, PETER ERICKSON,
WILLIAM D. SWIEKATOWSKI,
and SGT. STEVENS,**

    **Defendants.**

## DECISION AND ORDER

Plaintiff, a Wisconsin state prisoner, filed this pro se action pursuant to 42 U.S.C. § 1983 and was granted leave to proceed in forma pauperis. Before the court is defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and plaintiff's motion for reconsideration of the Screening Order. These motions will be addressed herein.

### Complaint Allegations

Plaintiff is incarcerated at Green Bay Correctional Institution (GBCI). The complaint names the following defendants: the Wisconsin Department of Corrections (DOC), DOC Secretary Gary Hamblin, GBCI Warden Michael Baenen, Security Director Peter Erickson, Lieutenant William Swiekatowski, Sergeant Stevens, and Inmate Complaint Examiner Catherine Francois.

On March 29, 2012, defendant Stevens issued plaintiff Conduct Report 2136898 charging him with misuse of prescription medication in violation of Wis. Admin. Code § DOC 303.57. The next day, defendant Erickson authorized the conduct report to

proceed as a major offense. On April 17, 2012, defendant Swiekatowski conducted the disciplinary hearing on the conduct report but plaintiff was never informed of the date, time, or place of the hearing. Defendant Swiekatowski found plaintiff guilty of the rule violation and sentenced plaintiff to 180 days disciplinary separation. He did not consider plaintiff's witness at the hearing. On April 20, 2012, plaintiff appealed the disciplinary disposition to defendant Baenen, informing him that his due process rights were violated because Swiekatowski did not consider plaintiff's evidence. Defendant Baenen affirmed the disposition on June 8, 2012, finding that there was no due process error.

On June 9, 2012, plaintiff filed an offender complaint with the Inmate Complaint Review System (ICRS) alleging a due process violation at the hearing because Swiekatowski did not consider plaintiff's witness. Defendant Francois rejected the complaint, finding that no procedural error had been identified for review and that the complaint fell outside the scope of the ICRS. Plaintiff sought review of the rejected complaint and on June 19, 2012, defendant Baenen affirmed. On June 21, 2012, plaintiff wrote a letter to defendant Hamblin regarding the defective disciplinary hearing.

Plaintiff filed another ICRS complaint on August 8, 2012, alleging that Conduct Report 2136898 was defective because he was never given the time, date, or location of the hearing. Defendant Francois rejected the complaint as untimely. Plaintiff appealed and on August 17, 2012, defendant Baenen affirmed the rejection.

According to plaintiff, defendant Stevens knew that she authored a defective conduct report when she failed to charge him with violating an institution rule or regulation,

and because he had inadequate notice of the charges.[1]  In addition, defendants Baenen, Erickson, Swiekatowski, and Francois knew the conduct report was defective because it contained Wisconsin Administrative Code provisions in the charging section and plaintiff was notified by the DOC-71 Notice and DOC-1516 Notification Disciplinary Hearing Form that he was charged with violating the rules and regulations of the institution.  These defendants also knew that plaintiff was never notified of the date, time, or place of the disciplinary hearing before it was held.  Plaintiff further alleges that defendants Baenen, Erickson, Swiekatowski, Francois, and Stevens knew that violations of the rules governing GBCI were crimes pursuant to Wis. Stat. § 946.73 and that the Brown County District Attorney should have been contacted for prosecution, but they did not contact the district attorney and intentionally denied plaintiff the process due for crimes prosecuted under Wisconsin law.

Plaintiff claims that defendants violated his substantive and procedural due process rights because they did not also charge him with a crime under Wisconsin state law, Wis. Stat. § 946.73, when they charged him under the Wisconsin Administrate Code because they thereby denied him process due to individuals charged with violations of state law. He also claims that defendants failed to give notice of the date, time, and place of his disciplinary hearing, in violation of his procedural and substantive due process rights.

---

[1] Plaintiff asserts that the Rules and Regulation of the Wis. Adm. Code govern all correctional institutions, but the specific rules, policies, and procedures of the individual correctional institutions do not govern the DOC and are not the rules and/or regulations of the DOC.  The DOC-71 Notice which was served with Conduct Report 2136898 informed plaintiff that he was charged with violations of the Rules and Regulations of the Institution, but 2136898 does not list any institution rules or regulations in the charging section, but lists only Wisconsin Administrative Code provisions.

3

Plaintiff further claims that defendants failed to give notice of the actual disciplinary charges in violation of his procedural and substantive due process rights.

On April 15, 2013, I screened the complaint under 28 U.S.C. § 1915A and determined that plaintiff could proceed on a procedural due process claim against defendants Baenen, Erickson, Swiekatowski, and Stevens based on allegations that he spent 180 days in disciplinary segregation without due process. Plaintiff was not permitted to proceed on a claim based on allegations that the conduct report was defective because it charged him with violating DOC-wide Wisconsin Administrative Code provisions instead of an institution-specific rule. In addition, I found that plaintiff could not proceed on a claim based on defendants' failure to notify the Brown County District Attorney so that plaintiff could be charged under Wisconsin state law. Finally, defendants Hamblin and Francois were dismissed because they were not alleged to have been personally involved in the complaint allegations and defendant DOC was dismissed because it is not a suable entity.

## Motion for Reconsideration

Plaintiff filed his motion pursuant to Federal Rule of Civil Procedure 60(b) which provides for relief upon final judgment in a case. As final judgment has not been entered in this case, I will consider plaintiff's motion under Federal Rule of Civil Procedure 54(b). The second sentence of Rule 54(b) states that:

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

A district court will grant a motion for reconsideration when: (1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in the law since the submission of the issue to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court. Bank of Waunakee v. Rochester Cheese Sales Inc., 906 F.2d 1185, 1191 (7th Cir. 1990).

Plaintiff seeks reinstatement of several claims dismissed in the Screening Order. First, he contends that he should have been permitted him to proceed on due process claims based on defendants' failure to notify the Brown County District Attorney so that he could be charged with a violation of Wis. Stat. § 946.73 and receive the process due for crimes prosecuted under Wisconsin law. However, the Wisconsin statute, which makes a violation of any law or rule governing various state institutions, including "penal institution[s]," a misdemeanor, does not require process before disciplinary sanctions may be imposed under the Wisconsin Administrate Code. Plaintiff may be charged with a crime for some of the offenses listed in the administrative code. However, the fact that he was not so charged does not entitle him to process due under Wisconsin for the disciplinary proceeding at GBCI. Likewise, Wis. Stat. § 946.73 does not provide for a constitutional right to be criminally charged. See Casteel v. Kolb, 176 Wis. 2d 440, 449 n.5 (Ct. App. 1993); see also, Wis. Admin. Code § DOC 303.64(4) ("The security director may refer violations of the criminal law to law enforcement authorities for further investigation and prosecution. Whether or not prosecution is started, the institution may handle the incident as a disciplinary offense.").

5

Case 2:12-cv-01257-LA   Filed 01/16/14   Page 5 of 11   Document 19

Plaintiff also seeks reinstatement of his claims that defendants DOC and Hamblin have a policy, procedure, and custom authorizing correctional staff to violate prisoners' due process rights under the Constitution and state law. However, plaintiff's conclusory allegations do not state a policy claim. See Ashcroft v. Iqbal, 556 U.S. 662, 680 (2009); Bissessur v. Ind. Univ. Bd. of Trustees, 581 F.3d 599, 602 (7th Cir. 2009). Plaintiff's allegation that a custom or policy exists is insufficient to state a claim for relief because he has failed to plead any factual assertions to support a policy and practice claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (complaint must state sufficient facts to raise plaintiff's right to relief above the speculative level). Finally, as set forth in the Screening Order, the DOC is not a suable entity. Dobbey v. Ill. Dep't. of Corr., 574 F.3d 443, 444 (7th Cir. 2009).

Next, plaintiff seeks reinstatement of his claim that he did not receive adequate notice of the charges against him because the conduct report listed the Wisconsin Administrative Code provision instead of an institution specific rule. However, I considered this claim at screening and plaintiff has not provided any argument to overturn my decision. (Screening Order, April 15, 2013, at 7.)

## Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a short and plain statement of the claim showing that he is entitled to relief. Erickson v. Pardus, 551 U.S. 89, 93 (2007). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests." Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

For the purposes of a motion to dismiss, a judge must accept as true all of the factual allegations in the complaint. Erickson, 551 U.S. at 94. However, plaintiff is obligated to provide more than labels and conclusions and a "formulaic recitation of the elements of a cause of action will not do . . . ." Twombly, 550 U.S. at 555 (internal citations omitted). Rather, the complaint allegations "must be enough to raise a right to relief above the speculative level." Id.

Defendants contend that plaintiff's procedural due process claim should be dismissed because defendants' alleged actions were random and unauthorized, and because adequate state law remedies exist to review plaintiff's discipline. Plaintiff contends that defendants' arguments are frivolous because he should have been allowed to proceed on a policy claim against the DOC and DOC Secretary Gary Hamblin based on allegations that they have a policy, procedure, and custom which prison staff to violate prisoners' due process rights. However, as set forth herein, this claim was properly dismissed.

Plaintiff also contends that defendants' motion to dismiss fails because they have never stated that he failed to exhaust his administrative remedies, citing Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002) (a prisoner must exhaust all available administrative remedies before bringing suit). Plaintiff's argument regarding exhaustion is inapplicable because exhaustion is not at issue in this case. He also contends that an action for certiorari has no bearing on plaintiff's notice claims because the failure to give notice of prison disciplinary hearing is immediately cognizable in a § 1983 action regardless

7

of the outcome of the disciplinary hearing, citing Clayton-El v. Fisher, 96 F.3d 236, 243-44 (7th Cir. 1996). However, Clayton-El is distinguishable because the court did not consider whether failure to provide notice of a hearing was random and unauthorized conduct under Illinois state law or the constitutional sufficiency of any Illinois state remedies for deprivation of due process. Lastly, plaintiff contends that defendants have not provided materials stating that they knew the rules and procedures, have never failed to follow them, but decided to disregard the rules and procedures. However, defendants need not cite evidence in support of a motion to dismiss. Rather, the court accepts as true the complaint's well-pled factual allegations. I now turn to the merits of defendants' motion to dismiss, namely, whether plaintiff's due process claim should be dismissed because defendants' conduct was random and unauthorized.

In analyzing a due process claim it must first be determined whether defendants deprived plaintiff of a protected liberty or property interest. Once it has been determined that a protected liberty interest or property interest is at stake, then the process which was due has to be identified. Hamlin v. Vaudenberg, 95 F.3d 580, 583 (7th Cir. 1996). However, an action for a denial of procedural due process will not lie if the state actor's conduct was random and unauthorized and if an adequate state remedy exists. Zinermon v. Burch, 494 U.S. 113, 128-32 (1990); Hamlin, 95 F.3d at 583.

Conduct is random and unauthorized if it is unpredictable. Id. Predictability is measured by the amount of discretion state procedures allow a state actor. Id. For example, if state procedures allow absolute discretion by state actors who hold disciplinary hearings, then it is predictable that those state actors may abuse their discretion, and a pre-deprivation process would be necessary. Id. When a deprivation is the result of a

8

state actor's random and unauthorized conduct, the state cannot predict that such conduct will occur. As a result, it is futile or impossible for the state to guard against the deprivation by mandating additional pre-deprivation procedures. In this circumstance, "the State cannot be required constitutionally to do the impossible by providing pre-deprivation process." Zinermon, 494 U.S. at 129.

An adequate post-deprivation remedy cures the problem because the violation does not occur until the post-deprivation remedy is denied. In the context of procedural due process, "[t]he constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." Zinermon, 494 U.S. at 126. "A suit based on a wrongful act that ignores the existence of a post-deprivation remedy is, in effect, one that considers only partial or unfinished state action." Morris v. McKeever, 655 F. Supp. 388, 391 (W.D. Va. 1987). A state's action is not complete until and unless it provides or refuses to provide a suitable post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984).

A state remedy is adequate unless it can "readily be characterized as inadequate to the point that it is meaningless or nonexistent and, thus, in no way can be said to provide the due process relief guaranteed by the fourteenth amendment." Easter House v. Felder, 910 F.2d 1387, 1406 (7th Cir. 1990). Wisconsin has adequate post-deprivation proceedings for inmates wishing to challenge their disciplinary hearings. Hamlin, 95 F.3d at 585. For example, Wisconsin prisoners may file a complaint with the Inmate Complaint Review System. Wis. Admin. Code. §§ 310.04, 310.09. In addition, the state law writ of certiorari is available to challenge actions of the disciplinary committee that violate state law. Duenas v. Nagle, 765 F. Supp. 1393, 1400 (W.D. Wis. 1991). Furthermore, prisoners

9

may be able to bring state law tort claims against prison officials. Scott v. McCaughtry, 810 F. Supp. 1015, 1020 (E.D. Wis. 1992).

In this case, plaintiff was found guilty in Conduct Report 23136898 and he received a disposition of 180 days segregation. Assuming that the segregation stay implicated a liberty interest, see Marion v. Columbia Correctional Inst., 559 F.3d 693, 698-99 (7th Cir. 2009), the next step is to determine what process was due. Hamlin, 95 F.3d at 583. However, I need not reach this part of the analysis because defendants' conduct – failure to inform plaintiff of the date, time, and place of the disciplinary hearing and failure to consider evidence at the hearing – was random and unauthorized. Id. Prison officials must follow the applicable procedures regarding disciplinary hearings, and they lack the discretion to determine how to carry out these procedures. Id.; see also, Wis. Admin. Code § DOC 303.76. Here, because the state cannot predict the kind of random, lawless conduct upon which plaintiff proceeds, a pre-deprivation proceeding would serve no purpose. Hamlin, 95 F.3d at 583. Therefore, because the conduct that plaintiff attributes to defendants was random and unauthorized, and Wisconsin's post-deprivation proceedings are adequate to remedy any due process violations that may have occurred, plaintiff is unable to sustain his procedural due process claim. Id. at 584.

**THEREFORE, IT IS ORDERED** that defendants' motion to dismiss (Docket 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for relief under Fed. R. Civ. P. 60 (Docket 16) is **DENIED**.

10

Case 2:12-cv-01257-LA    Filed 01/16/14    Page 10 of 11    Document 19

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment dismissing plaintiff's claims and this action.

Dated at Milwaukee, Wisconsin, this 16th day of January 2014.

                                        s/ Lynn Adelman
                                        _____
                                        LYNN ADELMAN
                                        District Judge

11

Case 2:12-cv-01257-LA   Filed 01/16/14   Page 11 of 11   Document 19